

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2005

# Tucker v. Monmouth

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3860

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Tucker v. Monmouth" (2005). *2005 Decisions.* Paper 93.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/93

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  04-3860

RUDOLPH TUCKER;
BENEDETTO VALENTINO,

Appellants

v.

COUNTY OF MONMOUTH;
MONMOUTH COUNTY SHERIFF

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 03-cv-02657)
District Judge: Honorable Garrett E. Brown, Jr.

Submitted Under Third Circuit LAR 34.1(a)
November 15, 2005

Before: BARRY, and AMBRO, Circuit Judges
POLLAK*, District Judge

(Filed: December 19, 2005)

OPINION

*Honorable Louis H. Pollak, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

AMBRO, <u>Circuit Judge</u>

Rudolph Tucker and Benedetto Valentino, employees of the County of Monmouth and the Monmouth County Sheriff (together, the County), took leave under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601–2654. While on this leave, they both used paid sick time. When the County added this paid sick time to the paid sick time Tucker and Valentino had taken at other times of the year, it found that they had both exceeded their total allotted sick time for the year. Pursuant to its employment policies, the County suspended Tucker and Valentino without pay for 60 days and 10 days, respectively. The FMLA allows employees to take up to 12 weeks of leave (unpaid, unless the employees have paid leave available) during every 12-month period for family or serious health reasons. It also prohibits employers from retaliating or discriminating against employees for using FMLA leave. Tucker and Valentino argue in effect that they should be able to ignore the County's sick-leave policy, as they assert that paid sick leave with the County should not count when it is also used for their FMLA leave. Did the County violate the FMLA by suspending Tucker and Valentino for exceeding their sick-time allotment with it? We answer no and affirm the District Court's grant of summary judgment.

## I. Factual Background and Procedural History

We write here solely for the parties, so we note only those facts most relevant to our decision.

Tucker and Valentino are corrections officers for the County, entitled to 120 hours of paid sick time (equivalent to 15 eight-hour days). If County employees exceed their 120-hour allotment, the County subjects them to a progressive scale of discipline.

Tucker and Valentino both requested FMLA leave in 2002, Tucker for his wife's serious health condition and Valentino for his wife's pregnancy complications. Tucker used 106 hours of paid sick time in 2002, and Valentino used 117 hours. Both Tucker and Valentino also used paid sick time while on their FMLA leave; Tucker used 96 hours of paid sick time, and Valentino used 40 hours. Because Tucker took a total of 202 sick hours and Valentino took 157, they were both disciplined with suspensions without pay in 2003.

Tucker and Valentino sued the County in June 2003 for damages resulting from the suspensions. They moved for summary judgment in July 2004, and the County cross-moved for summary judgment. In September 2004 the District Court denied Tucker's and Valentino's motion and granted the County's. Tucker and Valentino appeal.

## II. Jurisdiction and Standard of Review

The District Court had subject matter jurisdiction under 28 U.S.C. § 1331 because the claim arose under federal law. The Court decided this question on summary judgment, so we have appellate jurisdiction under 28 U.S.C. § 1291.

"We review the District Court's grant of summary judgment *de novo*." *Justofin v. Metro. Life Ins. Co.*, 372 F.3d 517, 521 (3d Cir. 2004) (internal quotation marks omitted). We apply the same standard as it did, affirming pursuant to Federal Rule 56(c) if "there is

3

no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *See id.* As we review the record, we draw "all justifiable inferences in favor of the nonmoving party." *Id.*

### III. Discussion

### A. Plaintiffs' claims under the Family and Medical Leave Act

The FMLA was designed to let employees "take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition." *Id.* § 2601(b)(2). To that end, the FMLA provides that "eligible employee[s] shall be entitled to a total of 12 workweeks of leave during any 12-month period" for serious health conditions or for family reasons like births or adoptions. *Id.* § 2612(a)(1).

The FMLA also makes it unlawful for employers to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." *Id.* § 2615(a)(1). FMLA regulations prohibit employers from discriminating against employees who have used FMLA leave. 29 C.F.R. § 825.220(c). Thus, "employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions; nor can FMLA leave be counted under 'no fault' attendance policies." *Id.*

Tucker and Valentino contend that the County violated the FMLA's anti-retaliation provision when it suspended them. For Tucker and Valentino to prevail on their claim, they must demonstrate that "(1) [they] took an FMLA leave, (2) [they]

4

suffered an adverse employment decision, and (3) the adverse decision was causally related to [their] leave." *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 146 (3d Cir. 2004).

Tucker and Valentino took leave under the FMLA. They both suffered adverse employment decisions when they were suspended. Thus, the only question we must decide is whether there was a causal connection between these two elements. In our 2004 *Conoshenti* case, we affirmed that the plaintiff did not establish a causal connection; he was fired after being absent for 92 days while recuperating from an automobile accident. *Id.* at 138–39. Conoshenti entered into a "Last Chance Agreement" with his employer, in which he agreed, among other things, that he could be immediately terminated for any job absences. *Id.* at 138. After the accident, his employer set in motion the process of firing Conoshenti for violating that agreement. *Id.* He was given his 12 weeks of FMLA leave, but his absence from work exceeded 12 weeks. *Id.* at 140. One hour after he returned to work, he was fired. *Id.* at 139. We held that, because he would have been fired "absent any consideration of his twelve weeks of FMLA-protected leave," there was no causal connection between his FMLA leave and his termination. *Id.* at 148.

Tucker and Valentino were suspended because they used more paid sick time than they were allowed, thus violating the County's policy. Although they took some of this sick time during their FMLA leave, their suspensions were because they exceeded their allowable paid sick time under the County's policy. The County added the sick time Tucker and Valentino had taken during their FMLA leave to the sick time they had taken

5

at other times during the year.  Because their total amounts of sick time exceeded 120 hours, they were suspended.  Although the FMLA allows employees to take unpaid leave, Tucker's and Valentino's deposition testimony shows that they chose to take paid days rather than unpaid days.  *See, e.g.*, Tucker Dep. 49:21–24, Mar. 24, 2004 ("[W]henever I called in I would tell them either sick or holiday or vacation day or what-have-you . . . so that I could get paid for the day.").  They argue that the sick time they took during their FMLA leave should not have counted against their total allowable sick time.  In other words, they want more paid sick time than other County employees got.  But their sick time did not become unlimited paid sick time simply by virtue of having been taken during an FMLA-approved work absence.

We hold that there was no causal connection between their taking of FMLA leave and their suspensions.  From the facts we have before us, it appears that the County would have suspended them for their sick-time violations even had they taken no FMLA leave.  We cannot conclude that a reasonable trier of fact would find in Tucker's or Valentino's favor, so summary judgment in favor of the County was appropriate.

**B. Plaintiffs' claims under the New Jersey Family Leave Act**

Tucker and Valentino make a parallel claim under the New Jersey Family Leave Act, N.J. Stat. Ann. §§ 34:11B-1 to -16.  To make out a claim under the New Jersey Act, they must show that "(1) [they were] employed by defendant; (2) [they were] performing satisfactorily; (3) a qualifying member of [their] family was seriously injured; (4) [they] took or sought to take leave from [their] employment to care for [their] injured relative;

6

and (5) [they] suffered an adverse employment action as a result." *DePalma v. Bldg. Inspection Underwriters*, 794 A.2d 848, 859, 350 N.J. Super. 195, 213 (N.J. Super. Ct. App. Div. 2002).

For the reasons discussed above, Tucker and Valentino cannot satisfy the fifth element. Their suspensions did not result from their taking leave, but from their exceeding their sick-time allotments.

## IV. Conclusion

Tucker and Valentino fail to show that they were suspended because they took protected family leave. Rather, they were suspended because they exceeded their allowable sick time. We therefore affirm the District Court's grant of summary judgment.